UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       -v.-

ALTON DAVIS,
    a/k/a "Mr. B,"
    a/k/a "D,"
    a/k/a "Basil Bonnick,"
    a/k/a "Duane Robinson Knyte,"
    a/k/a "Michael Anthony Morris,"
DERRILYN NEEDHAM,
    a/k/a "Ingrid,"
RONALD KNIBBS,
    a/k/a "Birdie,"
RODERICK GUNN,
    a/k/a "Zappa,"

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - x

INDICTMENT

S1 06 Cr. 911 (LBS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 16 2007

## COUNT ONE

The Grand Jury charges:

1. From in or about July 2002, up to and including in or about January 2003, in the Southern District of New York and elsewhere, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," RONALD KNIBBS, a/k/a "Birdie," and RODERICK GUNN, a/k/a "Zappa," the defendants, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and

would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DAVIS, NEEDHAM, KNIBBS, and GUNN, the defendants, together with others known and unknown, conspired to commit armed robberies of individuals whom the defendants believed to be engaged in the business of distributing narcotics, in order to obtain drugs and drug proceeds, including, among others: (i) a robbery at a residence located at 194 Locustwood Boulevard, Elmont, New York, on or about October 31, 2002; and (ii) a residence located at 4385 Wickham Avenue, Bronx, New York, on or about January 21, 2003.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

2.   On or about October 31, 2002, in the Southern District of New York and elsewhere, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," and RODERICK GUNN, a/k/a "Zappa," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of

articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DAVIS, NEEDHAM, and GUNN, the defendants, and others, attempted to commit an armed robbery of an individual they believed to be in possession of narcotics and narcotics proceeds at 194 Locustwood Boulevard, Elmont, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

3. On or about January 21, 2003, in the Southern District of New York, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," RONALD KNIBBS, a/k/a "Birdie," and RODERICK GUNN, a/k/a "Zappa," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DAVIS, NEEDHAM, KNIBBS, and GUNN, the defendants, and others, attempted to commit an armed robbery of an individual they believed to be in possession of narcotics and narcotics proceeds at 4385 Wickham Avenue, Bronx,

New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FOUR

The Grand Jury further charges:

4.  On or about October 31, 2002, in the Southern District of New York and elsewhere, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery conspiracy and attempted robbery at a residence at 194 Locustwood Boulevard, Elmont, New York, charged in Counts One and Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit, a handgun, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

## COUNT FIVE

The Grand Jury further charges:

5.  On or about October 31, 2002, in the Southern District of New York and elsewhere, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," the defendant, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in

a court of the United States, namely, the robbery conspiracy and attempted robbery at a residence at 194 Locustwood Boulevard, Elmont, New York, charged in Counts One and Two of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, DAVIS used a .45 caliber semi-automatic pistol to shoot and kill Stephanie Laing.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT SIX

The Grand Jury further charges:

6. On or about January 21, 2003, in the Southern District of New York and elsewhere, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," RONALD KNIBBS, a/k/a "Birdie," and RODERICK GUNN, a/k/a "Zappa," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery conspiracy and attempted robbery at a residence at 4385 Wickham Avenue, Bronx, New York, charged in Counts One and Three of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use,

5

carrying, and possession of firearms, to wit, handguns, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

COUNT SEVEN

The Grand Jury further charges:

7. On or about January 21, 2003, in the Southern District of New York and elsewhere, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," RONALD KNIBBS, a/k/a "Birdie," and RODERICK GUNN, a/k/a "Zappa," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery conspiracy and attempted robbery at a residence at 4385 Wickham Avenue, Bronx, New York, charged in Counts One and Three of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying and possession of firearms, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, DAVIS, aided and abetted by NEEDHAM, KNIBBS, and GUNN, used a handgun to shoot and kill Gary Grey.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT EIGHT

The Grand Jury further charges:

8. From in or about July 2002, through in or about January 2003, in the Southern District of New York and elsewhere, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," RONALD KNIBBS, a/k/a "Birdie," and RODERICK GUNN, a/k/a "Zappa," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

9. It was a part and an object of the conspiracy that ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," RONALD KNIBBS, a/k/a "Birdie," and RODERICK GUNN, a/k/a "Zappa," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 1000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

## OVERT ACTS

10. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and elsewhere:

      a.  On or about October 31, 2002, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," and RODERICK GUNN, a/k/a "Zappa," the defendants, and others known and unknown, participated in an attempted robbery at 194 Locustwood Boulevard, Elmont, New York, during which they searched for marijuana.

      b.  On or about January 21, 2003, ALTON DAVIS, a/k/a "Mr. B," a/k/a "D," a/k/a "Basil Bonnick," a/k/a "Duane Robinson Knyte," a/k/a "Michael Anthony Morris," DERRILYN NEEDHAM, a/k/a "Ingrid," RONALD KNIBBS, a/k/a "Birdie," and RODERICK GUNN, a/k/a "Zappa," the defendants, and others known and unknown, participated in an attempted robbery at a residence located at 4385 Wickham Avenue, Bronx, New York, during which they searched for marijuana.

### SPECIAL FINDINGS AS TO ALTON DAVIS

11.  The allegations contained in Counts One through Ten of this Indictment are reincorporated and realleged as if set forth in full herein.

12.  As to Counts Five and Seven of the Indictment, alleging the murders of, respectively, Stephanie Laing (Count Five) and Gary Grey (Count Seven), in connection with a crime of

violence, the defendant ALTON DAVIS:

    a. was 18 years of age or older at the time of the offenses;

    b. intentionally killed Stephanie Laing and Gary Grey (Title 18, United States Code, Section 3591(a)(2)(A));

    c. intentionally inflicted serious bodily injury that resulted in the deaths of Stephanie Laing and Gary Grey (Title 18, United States Code, Section 3591(a)(2)(B));

    d. intentionally participated in acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Stephanie Laing and Gary Grey died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(C));

    e. intentionally and specifically engaged in acts of violence, knowing that the acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Stephanie Laing and Gary Grey died as a direct result of the acts (Title 18, United States Code, Section 3591(a)(2)(D)); and

    f. committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

SPECIAL FINDINGS AS TO DERRILYN NEEDHAM

    13.   The allegations contained in Counts One through Ten of this Indictment are reincorporated and realleged as if set forth in full herein.

    14.   As to Count Seven of the Indictment, alleging the murder of Gary Grey, in connection with a crime of violence, the defendant DERRILYN NEEDHAM:

    a.   was 18 years of age or older at the time of the offense;

    b.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Gary Grey died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Gary Grey died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

    d.   committed the offense after substantial planning and premeditation to cause the death of a person (Title

18, United States Code, Section 3592(c)(9)).

### SPECIAL FINDINGS AS TO RONALD KNIBBS

15. The allegations contained in Counts One through Ten of this Indictment are reincorporated and realleged as if set forth in full herein.

16. As to Count Seven of the Indictment, alleging the murder of Gary Grey, in connection with a crime of violence, the defendant RONALD KNIBBS:

    a.   was 18 years of age or older at the time of the offense;

    b.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Gary Grey died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Gary Grey died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

    d.   committed the offense after substantial

11

planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

### SPECIAL FINDINGS AS TO RODERICK GUNN

17. The allegations contained in Counts One through Ten of this Indictment are reincorporated and realleged as if set forth in full herein.

18. As to Count Seven of the Indictment, alleging the murder of Gary Grey, in connection with a crime of violence, the defendant RODERICK GUNN:

    a.   was 18 years of age or older at the time of the offense;

    b.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Gary Grey died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

    c.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Gary Grey died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

12

        d.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

_____         _____
FOREPERSON                                                MICHAEL J. GARCIA
                                                                        United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===

UNITED STATES OF AMERICA

- v. -

ALTON DAVIS,
    a/k/a "Mr. B,"
    a/k/a "D,"
    a/k/a "Duane Robinson Knyte,"
    a/k/a "Michael Anthony Morris,"
DERRILYN NEEDHAM,
    a/k/a "Ingrid,"
RONALD KNIBBS,
    a/k/a "Birdie,"
RODERICK GUNN,
    a/k/a "Zappa,"

                Defendants.

---

INDICTMENT

S1 06 Cr. 911 (LBS)

(Title 18, United States Code, Section 1951(b)(1); 1951; Title 18 United States Code Section 1951 and 2; Title 18, United States Code Sections 924 (c)(1)(A)(iii) and 2; Title 18, United States Code 924 (j)(1) and 2)

          MICHAEL J. GARCIA
         United States Attorney.

A TRUE BILL _____
                Foreperson.